UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICHARD L. BARRETT,

      Plaintiff,

        v.                                Case No. 26-CV-852

WASHINGTON COUNTY,
ADVANCED CORRECTIONAL HEALTHCARE,
MELISSA RODRIGUEZ, and
JOHN OR JANE DOES 1–4,

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Richard L. Barrett, who is currently serving a state prison sentence at Winnebago Correctional Center and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated.  Plaintiff paid the full filing fee on June 5, 2026.  This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.  To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

Plaintiff's complaint violates Rule 8 of the Federal Rules of Civil Procedure because it does not include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the complaint, Plaintiff refers to "defendants" collectively, without clearly stating what particular actions each individual took to violate his constitutional rights. "[T]o be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (citation omitted). A complaint must give the defendant fair notice of what the claim is and the

2

grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Plaintiff's complaint fails to provide Defendants such notice.

If Plaintiff does not know the names of the individuals who he believes violated his constitutional rights, Plaintiff can satisfy the personal involvement requirement by using John Doe placeholders. If more than one unknown official was involved, Plaintiff should use multiple John Doe placeholders as defendants in the caption (John Doe 1, John Doe 2, and so on) and then identify what each individual did or did not do to violate his constitutional rights in the body of the complaint.

If Plaintiff wants to proceed with this lawsuit, he will need to file an amended complaint by **July 13, 2026**, that provides a simple, concise, and direct statement of his claims. Plaintiff should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; and (4) what relief he wants the Court to provide. Plaintiff should set forth his allegations in short and plain statements in numbered paragraphs. Plaintiff does not need to include every detail giving rise to his claims. He need only provide enough facts from which the Court can reasonably infer that the defendants did what he alleges they did in violation of his rights. His amended complaint need not—indeed, *should not*—contain legal arguments or case citations.

The Court will enclose a blank prisoner amended complaint form. Plaintiff must use the blank prisoner amended complaint form to file his amended complaint. *See* Civil L.R. 9 (E.D. Wis.) ("Prisoners appearing pro se who commence an action under 42 U.S.C. § 1983 for deprivations of federal rights by persons acting under color of state law must file the complaint with the Clerk of Court using the form available from the Court."). If Plaintiff believes he needs

3

more space than is available on the blank prisoner amended complaint form, he may attach a maximum of *five* pages.

Plaintiff is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Plaintiff files an amended complaint, the Court will screen it pursuant to 28 U.S.C. § 1915A. If he chooses not to file an amended complaint, the Court will dismiss this action based on his failure to diligently prosecute it.

**IT IS THEREFORE ORDERED** that on or before **July 13, 2026**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

4

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on June 11, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

5