RICHARD L. BARRETT,

       Plaintiff,

       v.                              Case No. 26-CV-852

WASHINGTON COUNTY,
ADVANCED CORRECTIONAL HEALTHCARE,
MELISSA RODRIGUEZ,
JOHN OR JANE DOES 1–4, and
LT. MILLER,

       Defendants.

---

## SCREENING ORDER

---

Plaintiff Richard L. Barrett, who is currently incarcerated at Winnebago Correctional Center and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On June 11, 2026, the Court screened and dismissed the original complaint but allowed Plaintiff to file an amended complaint. (ECF No. 4.) Plaintiff filed an amended complaint on July 14, 2026. The Court will now screen Plaintiff's amended complaint.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

**ALLEGATIONS OF THE AMENDED COMPLAINT**

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the amended complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With

2

this in mind, the Court will summarize Plaintiff's allegations as presented in the amended complaint.

Plaintiff is a Type 1 diabetic. His outside provider prescribed Novolog to treat Plaintiff's condition by way of an insulin pump and a continual glucose monitor (CGM). Plaintiff's insulin pump, in conjunction with the CGM, would automatically administer quick-acting insulin throughout the day. Plaintiff's insulin pump and CGM were physically attached to Plaintiff's body. (ECF No. 6 at 2.)

On May 18, 2023, Plaintiff was remanded to the Washington County Jail. His insulin pump, stainless steel infusion site, and CGM were removed by Advanced Correctional Healthcare Nurse Jane Doe 1, which was overseen by Washington County Jail Officer John Doe 1. Nurse Jane Doe 1, while under the supervision of Advanced Correctional Nurse Practitioner Melissa Rodriguez, ordered that Plaintiff be administered 14 mg/dl of moderate-to-long-acting insulin in the morning and 14 mg/dl of insulin in the evening. Nurse Jane Doe 1 and NP Rodriguez also prescribed a moderate-acting insulin on a sliding scale after Plaintiff would eat. Plaintiff asserts that Advanced Correctional Healthcare did not administer appropriate amounts of insulin or the correct insulin to Plaintiff throughout his incarceration. (*Id.* at 3.)

At approximately 2:00 p.m. on May 18, 2023, Plaintiff told his significant other, Ling Zhang, that his blood sugar was very difficult to control. Zhang called and communicated this information to Officer William Joseph Arnold. On May 19, 2023, Plaintiff's blood sugar level averaged more than 320 mg/dl. At this point, Plaintiff entered Diabetic Ketoacidosis. Plaintiff submitted a medical request to Nurse Jane Doe 2, requesting that his long-acting insulin be doubled so he can eat and not be sick. Nurse Jane Doe 2 responded, "As already discussed, we will be

3

doing current insulin orders x3 days and then will review. Insulin does not effect the ability to eat." (*Id.* at 3–4, 6.)

On May 21, 2023, Officer John Doe 2 insisted that Plaintiff eat all meals. Plaintiff consumed carbohydrates, which increased his blood sugar. His blood sugar was over 340 mg/dl. Plaintiff requested that Lt. Miller transfer him to the hospital. Lt. Miller and Nurse Jane Doe 3 refused to transport Plaintiff to the hospital. (*Id.* at 6.)

On May 22, 2023, Plaintiff filed a grievance requesting that his CGM and insulin pump be administered. He stated that he suffers from continual hyperglycemia due to the improper insulin prescription administered by Advanced Correctional Healthcare. His symptoms since being booked into the Jail included tingling in his hands and feet, organ pain, blurred vision, neuropathy, and weight loss. At 10:05 a.m., Plaintiff's blood sugar was recorded at a dangerously high level of 402 mg/dl. Plaintiff asked Nurse Jane Doe 4 if he could be seen by a paramedic, and Nurse Jane Doe 4 responded, "No, that is where your blood sugar is to be expected." (*Id.* at 6–7.)

The next day, Plaintiff's outside endocrinologist, Dr. Justin Yoon, informed Defendants, "I strongly believe that it is medically necessary for him to use current Tandem pump therapy, and I believe his health will deteriorate if he were to be forced to change to conventional injection therapies." NP Rodriguez and Lt. Miller refused to accommodate this medical necessity. (*Id.* at 7.)

On May 25, 2023, at 11:24 a.m., Plaintiff did not receive the appropriate insulin prescription. Officer John Doe 2 and Officer John Doe 3 ordered Plaintiff to eat his lunch, even though his blood sugar level was 439 mg/dl. Plaintiff responded that his blood sugar in 38 years of having Type 1 diabetes had never been so high and that any such order would kill him. He nevertheless complied with the officers' orders and ate his lunch. Plaintiff notified Nurse Jane

4

Doe 5 about the incident at 12:58 p.m., but she failed to intervene. At 2:15 p.m., Plaintiff entered a hyperglycemic coma. When Plaintiff came out of the coma, Plaintiff was observed by fellow detainees to be pale. Plaintiff remained laying on the dayroom floor of the Jail as he recovered from the coma. (*Id.* at 7.)

On May 26, 2023, at 12:15 a.m., Correctional Officer John Doe 4 observed Plaintiff entering hypoglycemic shock. Plaintiff's blood sugar was recorded at a dangerously low level of 43 mg/dl. Plaintiff was given food to raise his blood sugar. Plaintiff was sweating profusely due to the shock, so he gave his clothes to the guard to exchange for new clothes. Later that day, at 6:30 a.m., Plaintiff spoke with Nurse Jane Doe 6 about the hypoglycemic event. Nurse Jane Doe 6 stated, "Some people are in a coma at 43, and some people don't live through it." (*Id.* at 8.)

On May 30, 2023, one of Plaintiff's doctors, Dr. Raheel Mody, sent a letter to Defendants stating, "This is to certify Richard L. Barrett should be allowed to have his insulin pump and continuous glucose monitor while incarcerated." Dr. Mody did not receive a response to this letter. That same day, however, Lt. Miller responded to Plaintiff's grievance appeal stating, "The Jail does not allow inmates to self-administer medication for obvious reasons. That is a reason why insulin pumps are not allowed in our correctional setting." However, from September 9, 2021, to September 10, 2021, Plaintiff was detained at the Milwaukee County Jail and was allowed to self-administer medication via his insulin pump and CGM. Later that day, Plaintiff was transferred to Dodge Correctional Institution. Dodge Correctional Institution medical staff administered Plaintiff's insulin pump and CGM. (*Id.* at 8.)

### ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this

5

deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Because it appears Plaintiff was a pretrial detainee at the relevant time, the Fourteenth Amendment's objective unreasonableness standard applies to his allegations that the defendants failed to provide proper treatment for his Type 1 diabetes.

Under this standard, once a pretrial detainee shows that a jail official's failure to act was purposeful and intentional, the sole question is an objective one: Did the defendant "take reasonable available measures to abate the risk of serious harm?" *Pittman v. Madison Cty.*, 108 F.4th 561, 566, 572 (7th Cir. 2024). "The objective reasonableness of a decision to deny medical care . . . does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable [jail official] in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570. Thus, to state a claim under the Fourteenth Amendment standard, a plaintiff must allege that (1) the defendant acted purposefully, knowingly, or perhaps even recklessly, without regard to his subjective awareness of the risk of inaction and (2) the defendant's response to the medical condition was objectively unreasonable. *Id.* at 570–72.

Plaintiff alleges that Nurse Jane Doe 1 removed his insulin pump, stainless steel infusion site, and CGM; Nurse Jane Doe 1 and NP Rodriguez did not prescribe appropriate amounts of insulin for him; Nurse Jane Doe 2 did not adjust his insulin levels; Lt. Miller and Nurse Jane Doe 3 refused to transport Plaintiff to the hospital, even though his blood sugar was over 340 mg/dl; Nurse Jane Doe 4 did not allow him to be seen by a paramedic, even though his blood sugar level was 402 mg/dl; Lt. Miller and NP Rodriguez did not allow him to use his insulin pump and CGM; and Nurse Jane Doe 5 did not treat his high blood sugar levels, resulting in Plaintiff entering into

a hyperglycemic coma. The Court will allow Plaintiff to proceed on a Fourteenth Amendment claim against these defendants based on his allegations that they failed to provide proper treatment for his Type 1 diabetes.

Plaintiff alleges that Officer John Doe 1 watched Nurse Jane Doe 1 remove his insulin pump; Officers John Doe 2 and John Doe 3 told Plaintiff he needed to eat his meals; Officer John Doe 4 observed Plaintiff entering hypoglycemic shock and gave him food to increase his blood sugar; and Nurse Jane Doe 6 said, "Some people are in a coma at 43, and some people don't live through it." These allegations do not support a Fourteenth Amendment claim against Officer John Doe 1, Officer John Doe 2, Officer John Doe 3, Officer John Doe 4, or Nurse Jane Doe 6. Therefore, they will be terminated as defendants from this case.

Plaintiff also asserts a medical malpractice claim. The Court will exercise supplemental jurisdiction over a medical malpractice claim against NP Rodriguez, Nurse Jane Doe 1, Nurse Jane Doe 2, Nurse Jane Doe 3, Nurse Jane Doe 4, and Nurse Jane Doe 5. *See* 28 U.S.C. § 1367(a).

Finally, Plaintiff seeks to pursue a *Monell* claim against Washington County and Advanced Correctional Healthcare. Under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978), municipalities may be liable for an employer's conduct if the employee injured the plaintiff in execution of an official policy, custom, or widespread practice. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell*. *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012)*, abrogation on other grounds recognized in Kemp v. Fulton Cty.*, 27 F.4th 491, 494 (7th Cir. 2022) (*Monell* framework applies to private company providing medical care at correctional facility). Liability attaches "where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by . . . policymakers." *City of Canton v. Harris*, 489 U.S. 378, 388–

89 (1989). The official policy requirement "distinguish[es] between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021).

Plaintiff asserts that Washington County and Advanced Correctional Healthcare had the following policies: (1) delaying and denying reasonable care, including the adequate administration of insulin and diabetic care to Plaintiff; (2) continual neglect of medical care with infliction of life-threatening Diabetic Ketoacidosis; (3) deliberate indifference and neglect of prescribed medication and specific insulin regimen for Plaintiff on multiple incidents; and (4) failing to properly train, supervise, and discipline officers regarding appropriate administration of medications. (*Id.* at 9–10.) The amended complaint does not contain any allegations that policymakers made a deliberate policy choice to follow a certain course of action regarding medical care for diabetic individuals. In addition, the Court fails to see how a reasonable factfinder could infer that the care Plaintiff received as alleged in the amended complaint resulted from an official policy, widespread custom, or the act of a final policymaker. "Although this court has not adopted any bright-line rules for establishing what constitutes a widespread custom or practice, it is clear that a single incident—or even three incidents—do not suffice." *Wilson v. Cook Cty.*, 742 F.3d 775, 780 (7th Cir. 2014) Accordingly, Plaintiff fails to state a *Monell* claim against Washington County and Advanced Correctional Healthcare and they will be terminated as defendants from this case.

The Court finds that Plaintiff may proceed on the following claims: a Fourteenth Amendment claim against NP Rodriguez, Lt. Miller, Nurse Jane Doe 1, Nurse Jane Doe 2, Nurse Jane Doe 3, Nurse Jane Doe 4, and Nurse Jane Doe 5 based on his allegations that they failed to provide proper treatment for his Type 1 diabetes as well as a medical malpractice claim against

8

NP Rodriguez, Nurse Jane Doe 1, Nurse Jane Doe 2, Nurse Jane Doe 3, Nurse Jane Doe 4, and Nurse Jane Doe 5.

**IT IS THEREFORE ORDERED** that Washington County, Advanced Correctional Healthcare, Officer John Doe 1, Officer John Doe 2, Officer John Doe 3, Officer John Doe 4, and Nurse Jane Doe 6 are **TERMINATED** as defendants from this case.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon NP Melissa Rodriguez and Lt. Miller pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that NP Melissa Rodriguez and Lt. Miller shall file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

9

and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on July 21, 2026.

> s/ *Byron B. Conway*
> BYRON B. CONWAY
> United States District Judge