UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICHARD L. BARRETT,

Plaintiff,

v. Case No. 26-CV-852

MELISSA RODRIGUEZ et al.,

Defendants.

---

**ORDER**

---

Plaintiff Richard L. Barrett is currently housed at Winnebago Correctional Center and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on a Fourteenth Amendment claim against NP Melissa Rodriguez, Lt. Miller, Nurse Jane Doe 1, Nurse Jane Doe 2, Nurse Jane Doe 3, Nurse Jane Doe 4, and Nurse Jane Doe 5 based on allegations that they failed to provide proper treatment for his Type 1 diabetes as well as a medical malpractice claim against NP Rodriguez, Nurse Jane Doe 1, Nurse Jane Doe 2, Nurse Jane Doe 3, Nurse Jane Doe 4, and Nurse Jane Doe 5. (ECF No. 8.)

On October 5, 2026, Plaintiff filed a motion for determination under Federal Rule of Civil Procedure 54(b). (ECF No. 16.) In the context of multi-claim or multi-party litigation, the rule provides that any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (holding that "every order short of a final decree is subject to reopening at the discretion of the district judge").

Plaintiff argues that the Court erred in dismissing his *Monell* claim against Washington County and Advanced Correctional Healthcare. Plaintiff alleged in his amended complaint that:

> Plaintiff states a Monell liability claim against Washington County, by and through their supervisors and/or policy makers, established and/or maintained the following customs, usages, polices and/or practices: A) Delaying and denying reasonable care, including the adequate administration of insulin and diabetic care to Plaintiff. B) Continual neglect of medical care with infliction of life-threatening Diabetic Ketoacidosis (DKA). C) Deliberate indifference and neglect of prescribed medication and specific insulin regimen for Plaintiff on several separate incidents. D) An ongoing reckless disregard and deliberate indifference for Plaintiff's medical needs as a Type 1 Diabetic on an ongoing basis.
>
> The conduct of Defendants herein was committed pursuant to the policies and practices of Defendant Washington County and Advanced Correctional Healthcare enumerated above.

(ECF No. 6, ¶¶ 25–26.) The Court explained that, based on these allegations, the Court could not infer that policymakers made a deliberate policy choice to follow a certain course of action regarding medical care for diabetic individuals or that the care Plaintiff received resulted from an official policy, widespread custom, or the act of a final policymaker. (ECF No. 8 at 8.)

Plaintiff now argues that the policy at issue is the Washington County Jail's policy that did not allow inmates to retain insulin pumps. He asserts that he alleged in his amended complaint that his insulin pump was confiscated because "the Jail does not allow inmates to self-administer medication" and that "insulin pumps are not allowed in our correctional setting." (ECF No. 6, ¶ 18.) Based on the allegations in the amended complaint, Plaintiff may proceed on a *Monell* claim against Washington County and Advanced Correctional Healthcare.

One final matter warrants comment. The Court allowed Plaintiff to proceed on a medical malpractice claim against NP Rodriguez, Nurse Jane Doe 1, Nurse Jane Doe 2, Nurse Jane Doe 3, Nurse Jane Doe 4, and Nurse Jane Doe 5. These defendants are not "health care providers" under Wisconsin's medical malpractice statutes. *See* Wis. Stat. §§ 655.001–655.002. While NP

Rodriguez, Nurse Jane Doe 1, Nurse Jane Doe 2, Nurse Jane Doe 3, Nurse Jane Doe 4, and Nurse Jane Doe 5 cannot be sued for medical malpractice, they can be sued for common law negligence. In short, the Court will allow Plaintiff to proceed on a common law negligence claim against NP Rodriguez, Nurse Jane Doe 1, Nurse Jane Doe 2, Nurse Jane Doe 3, Nurse Jane Doe 4, and Nurse Jane Doe 5.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for determination under Fed. R. Civ. P. 54(b) (ECF No. 16) is **GRANTED**. Plaintiff may proceed on a *Monell* claim against Washington County and Advanced Correctional Healthcare. The Clerk is directed to reinstate Washington County and Advanced Correctional Healthcare as defendants.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon Washington County and Advanced Correctional Healthcare pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Washington County and Advanced Correctional Healthcare shall file a responsive pleading to the amended complaint.

Dated at Green Bay, Wisconsin on October 8, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge