UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICHARD L. BARRETT,

Plaintiff,

v. Case No. 26-CV-852

WASHINGTON COUNTY et al.,

Defendants.

---

# ORDER

---

Plaintiff Richard L. Barrett is currently incarcerated at Winnebago Correctional Center and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on a Fourteenth Amendment claim against NP Melissa Rodriguez, Lt. Miller, and Nurse Jane Does 1–5 and a negligence claim against NP Rodriguez and Nurse Jane Does 1–5 based on allegations that they failed to provide proper treatment for his Type 1 diabetes as well as a *Monell* claim against Washington County and Advanced Correctional Healthcare (ACH) based on allegations that the policies prohibiting insulin pumps and inmates to self-administer medication were the moving force behind the violation of Plaintiff's rights.

This matter comes before the Court on Plaintiff's motion to amend and expand the Court's order. Plaintiff asserts that the Court should allow him to proceed on a negligent supervision and training claim against ACH. The Court construes Plaintiff's motion as a motion for reconsideration under Federal Rule of Civil Procedure 54. In the context of multi-claim or multi-party litigation, the rule provides that any order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P.

54(b); *see Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (holding that "every order short of a final decree is subject to reopening at the discretion of the district judge").

A failure to train claim can be brought against a private company performing a state function based on a policy, practice, or custom. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). "In limited circumstances, a . . . decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). "[F]ailure-to-train (or inadequate-training) liability arises when a municipality adheres to a training program that they know or should know has failed to prevent tortious conduct by employees, thereby demonstrating deliberate indifference to this known risk." *Flores v. City of S. Bend*, 997 F.3d 725, 731 (7th Cir. 2002) (internal quotation marks and citation omitted). "What separates [failure to train] liability from traditional *respondeat superior* liability is a known pattern of tortious conduct demonstrating the need for additional training, rather than one-time negligence." *Id.* (cleaned up). To state a failure to train claim, a plaintiff must plead facts suggesting a plausible "direct causal link between the . . . policy and the constitutional deprivation." *Arlotta v. Bradley Ctr.*, 349 F.3d 517, 522 (7th Cir. 2003) (internal quotation marks and citation omitted).

In this case, Plaintiff alleges that ACH failed to properly train and supervise NP Rodriguez and Nurse Jane Does 1–5 regarding appropriate administration of medication and insulin to inmates with Type 1 diabetes and that, as a direct and proximate result, Plaintiff sustained injuries and damages. These allegations are nothing more than "recitations of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff does not allege facts from which the Court can infer that the alleged mishandling of his Type 1 diabetes was the result of a

deliberate lack of training by ACH or that ACH knew or should have known its training program failed to prevent tortious conduct by its employees. *See Flores*, 997 F.3d at 731. Therefore, Plaintiff does not state a negligent supervision and training claim against ACH.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend and expand the Court's order (ECF No. 27), which the Court construes as a motion for reconsideration, is **DENIED**.

Dated at Green Bay, Wisconsin on November 23, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge